256 F.Supp.2d 814 (2003)
Debra KEACH and Patricia Sage, Plaintiffs,
v.
U.S. TRUST COMPANY, N.A., et al., Defendants.
No. 01-1168.
United States District Court, CD. Illinois, Peoria Division.
March 5, 2003.
*815 Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.
Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.
Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co-Trustee of the Thomas S. Foster Trust executed on 4/14/94.
Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant The Northern Trust Company, an Illinois Corporation as Co-Trustee of the Thomas S. Foster Trust executed on 4/14/94.
Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Osterta P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.
James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell LLC, Peoria, IL, for Defendants Valuemetrics, Inc.
Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.
Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.
Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger LLC, Peoria, IL, for Defendant Lyle Dickes.
Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant James Freid.
Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.
John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George McKittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Brace Wright.
Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.
Dean Essig, Washington, IL, for Defendant Gregory McAllister.
Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and for Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irrevocable Trust, and Melvyn R. Regal, individually, *816 as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

ORDER
MIHM, District Judge.
Now before the Court is a Second Motion for Summary Judgment by Defendant Ellen D. Foster, as Executrix of the Estate of Thomas S. Foster, Deceased (the "Estate"). For the reasons set forth below, the Motion for Summary Judgment [# 415] is GRANTED.

FACTUAL BACKGROUND
The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by Defendant Ellen Foster ("Mrs.Foster") in her capacity as the former Executrix of the Estate of her late husband. The matter is now fully briefed and ready for resolution. This Order follows.

DISCUSSION
Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., All U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir.1988).
If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., A15 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, All U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable fact-finder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., All U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir.1995).
Thomas Foster died testate on July 11, 1996, and his Estate was probated in Peoria County Circuit Court with Mrs. Foster as the appointed Executrix. On October 1, 1998, the Probate Court entered an order discharging Mrs. Foster from her appointment and closing the Estate. The Estate was reopened on September 16, 1999, "for the sole purpose of transferring the remaining estate property still standing in the name of the decedent...." On March 1, 2001, Mrs. Foster filed a petition to close the Estate, which was granted on April 19, 2001, and the Estate remains closed today despite two attempts by Plaintiffs to have it reopened. Plaintiffs' appeals of the Probate Court's decisions to the Illinois Appellate Court remain pending.
*817 Plaintiffs argue that because this case was filed on April 6, 2001, and Mrs. Foster was served with the Complaint on April 10, 2001, they should be allowed to proceed against her in this case. They assert that during the April 19, 2001, hearing on the petition to close the Estate, Mrs. Foster's attorney perpetrated a fraud on the court when he failed to disclose to the Probate Court that she had been served with a summons and copy of the complaint in this case. However, what may or may not have been presented, argued, or concealed in the state probate court is not properly before this Court, as it is not the province of this Court to determine whether the Estate was properly closed or should be reopened. That is solely a question for the Illinois courts, and the Court declines any implicit request by Plaintiffs to intervene in that process.
What is properly before this Court is the question of whether Mrs. Foster is a proper Defendant in this case in her capacity as the Executrix of the Estate. Plaintiffs essentially ignore this question, arguing instead that the issue of whether Thomas Foster breached a fiduciary duty owed to the F & G ESOP was never before the state probate court. While this may be true, it does not mean that Mrs. Foster is a proper party to this case in her representative capacity.
Neither party has bothered to cite relevant legal authority on this issue, leaving the Court to conduct its own research. Under Illinois law:
A judgment entered against a person not as a result of a contract made by him or her or a tort committed by him or her but solely because he or she is the holder of title to property as receiver, trustee of a specifically identified trust, representative as defined in Section 1-2.11 of the Probate Act of 1975, or in any other fiduciary capacity, shall be enforced only against property held in the particular representative capacity, but no judgment shall be enforced against nor shall the judgment constitute a lien upon, other property owned by such person, whether individually or in some other designated identifiable representative capacity.
735 ILCS 5/12-103. This establishes that any judgment entered against Mrs. Foster as the Executrix of the Estate would be unenforceable because she no longer holds property in her representative capacity.
It is clear that in order for claims to be asserted against an estate, there must be an open estate. It follows from this as a matter of common sense that once an estate has been distributed and the executor/executrix has been discharged, he or she is no longer subject to suit in his or her representative capacity because there is no longer an open estate, and he or she no longer has control over any assets of the estate. See Hulburd v. Commissioner of Internal Revenue, 296 U.S. 300, 56 S.Ct. 197, 204, 80 L.Ed. 242 (1935) (noting that "an executor discharged after a full and fair accounting is no longer to be vexed by the annoyance and expense of defending fruitless suits with assets no longer available for reimbursement or indemnity. If suitors ... wish to go against the estate or against those who have shared in it, thy must either vacate the decree upon a showing of assets accounted for, or procure upon a showing of necessity the appointment of an administrator, or pass over the estate and its representatives and pursue the legatees to the extent of benefits received.") At that point, the executor/executrix is "functus officio," or without further authority or legal competence because the duties of his or her commission have been fully performed. (Black's Law Dictionary, Seventh Edition.)
*818 As Plaintiffs have produced no contrary authority, the Court must conclude that as the Estate of Thomas S. Foster is closed, and Mrs. Foster has been discharged from her capacity as the Executrix of that Estate, she is now "functus officio" and can no longer be sued in this capacity absent a reopening of the Estate that Plaintiffs have tried unsuccessfully to accomplish on two occasions. Mrs. Foster no longer has legal competence with respect to the Estate because her representative capacity no longer exists. Thus, as the record now stands, Plaintiffs have attempted to sue a legally non-existent party against whom no judgment could be enforced. Under these circumstances, Mrs. Foster's Motion for Summary Judgment will be granted without prejudice to Plaintiffs' moving to reinstate her in this representative capacity if they are successful in their attempt to have the Estate reopened on appeal.
That being said, the Court notes that the fact that Mrs. Foster as the Executrix is not presently a proper party to this suit does not mean that Plaintiffs are foreclosed from establishing a breach of fiduciary duty by Thomas Foster at trial, which could then potentially serve as a predicate for a restitution claim against Mrs. Foster in her capacity as a Co-Trustee of the Thomas S. Foster Trust and other parties in interest. It simply means that Plaintiffs cannot obtain a judgment on a breach of fiduciary duty theory to recover directly from an estate that no longer exists.

CONCLUSION
For the reasons set forth above, the Second Motion for Summary Judgment by Defendant Foster, as the Executrix of the Estate of Thomas S. Foster, Deceased [# 415] is GRANTED without prejudice to Plaintiffs' moving to reinstate her in this representative capacity if they are successful in their attempt to have the Estate reopened on appeal. Ellen Foster, as the Executrix of the Estate of Thomas S. Foster, is hereby TERMINATED as a party to this litigation.